Patrick J. Neville, SBN 334179
Juliette P. White, UT Bar # 9616*
Kaitlynn B. Morgan, UT Bar #18478*
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah  84145-0898
Telephone:  (801) 532-1234
PNeville@parsonsbehle.com
JWhite@parsonsbehle.com
KMorgan@parsonsbehle.com

Sarah Ferguson, NSBN 14515*
PARSONS BEHLE & LATIMER
50 W. Liberty Street, Suite 750
Reno, NV  89501
Telephone:  (775) 323-1601
sferguson@parsonsbehle.com

(*Pro Hac Applications Forthcoming)

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BERDNER and JEFF DOMICH, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>         vs.<br><br>DRAGONFLY ENERGY HOLDINGS CORP. D/B/A/ BATTLE BORN, a Nevada Corporation,<br><br>      Defendant. | Case No.<br><br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1446 AND 1453]** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453, Defendant Dragonfly Energy Holdings Corp.,[1] ("**Defendant**" or "**Dragonfly**") hereby removes

---

[1] Battle Born is a brand owned by Dragonfly Energy Corporation. Dragonfly Energy Corporation is a wholly owned subsidiary of Dragonfly Energy Holdings Corporation.

PARSONS
BEHLE &
LATIMER

the above-entitled action from the Superior Court of the State of California for the County of Sonoma to the United States District Court for the Northern District of California.

This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists, there are at least 100 putative class members, and the amount in controversy exceeds $5 million.

## I.    PROCEDURAL BACKGROUND

This lawsuit is a civil action within the meaning of the statutes relating to removal. 28 U.S.C. § 1453. On February 13, 2026, plaintiffs John Berdner and Jeff Domich filed a complaint in the Superior Court of the State of California for the County of Sonoma, entitled *John Berdner and Jeff Domich, individually and on behalf of all others similarly situated v. Dragonfly Energy Holdings Corp. d/b/a Battle Born, a Nevada Corporation*, Case No. 26CV01247. *See* Complaint, Ex. A (hereinafter "**Complaint**" or "**Compl.**"). Plaintiffs served a copy of the Complaint and Summons on Dragonfly on March 31, 2026. *See* Summons, Ex. B (hereinafter "**Summons**"). Defendant has not answered the Complaint.

## II.    CLASSES AND CAUSES OF ACTION IN THE COMPLAINT

Plaintiffs Berdner and Domich seek to represent the following classes for the periods allowed by law:

a) The "Nationwide Class," which is defined as "all persons who purchased a Product[2] in the United States, within the applicable statute of limitations, for personal use and not resale."

b) The "Multi-State Consumer Protection Class," which is defined as "all persons who purchased a Product in the state of California or any state with

---

[2]    As defined in the Complaint, "Product" includes "Battle Born's 100 amp-hour lithium batteries, including without limitation: 100Ah 12V LiFePO4 Deep Cycle Battery (model # BB10012), 100Ah 12V GC2 LiFePO4 Deep Cycle Battery (model # BBGC2), 100Ah 12V LiFePO4 Heated Battery Kit (model # BB10012H-1KIT), 100Ah 12V Smart LiFePO4 Deep Cycle Battery (model # BB10012i), 100Ah 12V Smart Heated LiFePO4 Deep Cycle Battery Kit (model # BB10012iH-1KIT), 100Ah 12V GC2 Smart LiFePO4 Deep Cycle Battery (model #BBGC2i), 100Ah 12V GC2 LiFePO4 Heated Battery Kit (model # BBGC2H-1KIT), and 100Ah 12V GC2 Smart Heated LiFePO4 Deep Cycle Battery Kit (model # BBGC2iH-1KIT)." Compl. ¶ 1, n.1.

similar laws, within the applicable statute of limitations, for personal use and not resale."

c) The "Multi-State Implied Warranty Non-Privity Class," which is defined as "all persons who purchased a Product in the following states, within the applicable statute of limitations, for personal use and not resale, until the date notice is disseminated: Alaska; Arkansas; California; Colorado; Connecticut; Delaware; District of Columbia; Florida; Hawaii; Indiana; Kansas; Louisiana; Maine; Maryland; Massachusetts; Michigan; Minnesota; Mississippi; Missouri; Montana; Nebraska; Nevada; New Hampshire; New Jersey; New Mexico; North Dakota; Ohio; Oklahoma; Pennsylvania; Rhode Island; South Carolina; South Dakota; Texas; Utah; Vermont; Virginia; West Virginia; Wyoming."

d) The "California Class," which is defined as "all persons who purchased a Product in the State of California, within the applicable statute of limitations, for personal use and not resale."

Compl. ¶¶ 101–104.

Plaintiffs assert the following causes of action against Dragonfly:

1. Violation of State Consumer Protection Statutes (by Plaintiffs and the Multi-State Consumer Protection Class) *Id.* at ¶¶ 120–36.

2. Breach of Express Warranty (by Plaintiffs and the Nationwide Class, and alternatively the California Class) *Id.* at ¶¶ 137–46.

3. Breach of Implied Warranty of Merchantability (by Plaintiffs and the Nationwide Class, and alternatively the Multi-State Implied Warranty Non-Privity Class and the California Class). *Id.* at ¶¶ 147–62.

4. Breach of Implied Warranty of Merchantability, Song-Beverly Consumer Warranty Act (by Plaintiffs and the California Class). *Id.* at ¶¶ 163–178.

5. Violations of California Consumers Legal Remedies Act (by Plaintiffs and the California Class). *Id.* at ¶¶ 179–96.

6.      Violations of California Unfair Competition Law (by Plaintiffs and the California Class). *Id.* at ¶¶ 197–207.

7.      Violations of the California False Advertising Law (by Plaintiffs and the California Class). *Id.* at ¶¶ 208–217.

8.      Unjust Enrichment/Quasi-Contract (by Plaintiffs and the California Class). *Id.* at ¶¶ 218–25.

## III.    REMOVAL IS TIMELY

This Notice of Removal is timely filed. Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The Summons and Complaint was served on Defendant on March 31, 2026. *See* Summons. As such, Defendant's deadline to remove is April 30, 2026.

## IV.    THIS COURT HAS ORIGINAL JURISDICTION UNDER THE CAFA.

Plaintiffs bring this action as a putative class action under California Code of Civil Procedure § 382.[3] Compl. ¶ 15. Removal based on CAFA diversity jurisdiction is proper pursuant to 28 U.S.C §§ 1441, 1446, and 1453 because (a) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs; (b) the aggregate number of putative class members in all proposed plaintiff classes is greater than 100; and (c) diversity of citizenship exists between Plaintiffs and Defendant. 28 U.S.C. §§ 1332(d)(2) and (d)(5)(B), 1453. Although Dragonfly denies Plaintiffs' factual allegations and denies that Plaintiffs or the putative class members are entitled to the relief requested, based on Plaintiffs' allegations in the Complaint and Prayer for Relief, all requirements for jurisdiction under CAFA have been met in this case. Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

---

[3]      Dragonfly does not concede, and reserves the right to contest Plaintiffs' allegation that this action can properly proceed as a class action and/or a representative action. Dragonfly further does not concede that any of Plaintiffs' allegations constitutes a cause of action against it under applicable law.

**A.  There is More Than $5,000,000 in Controversy.**

Pursuant to CAFA, claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). CAFA was enacted to facilitate federal courts' adjudication of class actions. Thus, "no antiremoval presumption attends cases invoking CAFA," and "Congress intended CAFA to be interpreted expansively." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Ibarra v. Manheim Inv., Inc.*, 775 F. 3d 1193, 1197 (9th Cir. 2015). A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not contain any evidentiary support.[4] *Dart*, 574 U.S. at 89. The "amount in controversy" is the amount the plaintiffs put in controversy in their complaint. *See id.* at 84 (amount in controversy based on "good faith" allegations in complaint); *LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing another case for the proposition that a court should "first look to the complaint in determining the amount in controversy").[5]

Here, Plaintiffs' claims on behalf of the putative classes include purported damages related to the purchase and use of the Products for four years at the longest.[6] According to the Complaint, the retail cost of the batteries ranges from $800-$1,000 and the classes consist of "thousands consumers" from around the country. Compl. ¶¶ 48, 108. Thus, it is reasonable to assume that damages exceed the $5,000,000 jurisdictional threshold based on the allegations in the Complaint. *See Ibarra*, 775 F.3d at 1197-98 (Defendant may rely on "reasonable assumptions," "reasonable deductions," "reasonable inferences" and "other reasonable extrapolations." Such is sufficient for

---

[4]    Evidence as to the amount in controversy need only be submitted if the plaintiff contests the amount alleged by the defendant. *Dart*, 574 U.S. at 89. Even then the defendant may rely on "reasonable assumptions," "reasonable deductions," "reasonable inferences" and "other reasonable extrapolations." Such is sufficient for removal so long as the defendant is not simply relying on "mere speculation" and "star gazing." *Ibarra*, 775 F.3d at 1197-98.

[5]    Importantly, the "amount in controversy" is not to be confused with the amount of damages that may be recovered, and the removing defendant remains free to contest the actual amount of damages. *See Ibarra*, 775 F.3d at 1198 n. 1.

[6]    Dragonfly does not waive any future challenges to the applicable statute of limitations.

removal so long as the defendant is not simply relying on "mere speculation" and "star gazing.").

Plaintiffs also seek recovery of attorneys' fees (Compl. ¶ I), which are properly included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F. 3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation."). This further demonstrates that Plaintiffs meet the amount in controversy requirement.

### B.  The Putative Classes Have More Than 100 Members.

The Complaint states, "Plaintiffs believe that there are thousands of consumers in the Class who are class members as described above and who Defendant's deceptive and misleading practices damaged." Compl. ¶ 108. Based on Plaintiffs' class allegations, there are more than 100 class members who Plaintiffs purport to represent.

### C.    Diversity of Citizenship Exists.

To satisfy CAFA's diversity requirement, a party seeking removal need only show that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2). Plaintiffs Berdner and Domich are citizens of the State of California. Compl. ¶¶ 19, 30. Dragonfly is a Nevada corporation with its principal place of business in Reno, Nevada. *Id.* at ¶ 40. Therefore, based on the Complaint, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

### V.    VENUE

This action was originally filed in the Superior Court for the County of Sonoma. Venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

### VI.    NOTICE

Dragonfly will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending,

PARSONS
BEHLE &
LATIMER

DEFENDANT'S NOTICE OF REMOVAL

as required under 28 U.S.C. § 1446(d). A copy of the notice to be filed with the Superior Court of California, County of Sonoma, is attached hereto as Exhibit C.[7]

## VII.    CONCLUSION

Based on the foregoing, Dragonfly requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Dragonfly respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is properly removed to this Court.

DATED this 30th day of April, 2026.

PARSONS BEHLE & LATIMER

By:/s/ *Patrick J. Neville*
Patrick J. Neville, CA Bar #334179
Juliette P. White, UT Bar # 9616*
Kaitlynn B. Morgan, UT Bar #18478*
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah  84145-0898
Telephone:  (801) 532-1234
PNeville@parsonsbehle.com
JWhite@parsonsbehle.com
KMorgan@parsonsbehle.com

Sarah Ferguson, NSBN 14515*
PARSONS BEHLE & LATIMER
50 W. Liberty Street, Suite 750
Reno, NV  89501
Telephone:  (775) 323-1601
sferguson@parsonsbehle.com

(*Pro Hac Applications Forthcoming*)

*Attorneys for Defendant*

---

[7]    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Notice of Assignment and Notice of Case Management Conference served in the state court action is attached hereto as Exhibit D.

PARSONS
BEHLE &
LATIMER

7

DEFENDANT'S NOTICE OF REMOVAL

# CERTIFICATE OF SERVICE

I am employed in the County of Salt Lake, State of Utah and am over the age of eighteen years and not a party to the within action.  My business address is Parsons, Behle & Latimer, PLC, located at 201 South Main Street, Suite 1800, Salt Lake City, Utah, 84111.

On April 30, 2026, I served the following document(s) described as **DEFENDANT'S NOTICE OF REMOVAL** on all interested parties, through their respective attorneys of record in this action in the service method identified below and as indicated on the attached Service List.

## SERVICE METHOD

☐    **(BY MAIL)** I placed a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list and I caused such envelope(s) fully prepaid to be placed in the United States mail at Salt Lake City, Utah.  I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Salt Lake City, Utah in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  [*See*, Ca. Civ. Proc. Code § 1013, *et seq.*; Fed. R. Civ. P. 5(b)(2)(C).]

☐    **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s). [*See*, Ca. Civ. Proc. Code § 1011, *et seq.*; Fed. R. Civ. P. 5(b)(2)(B)(i).]

☐    **(BY FACSIMILE)** I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).  [*See*, Ca. Civ. Proc. Code § 1013(e) and Cal. R. Ct., rule 2.306; Fed. R. Civ. P. 5(b)(2)(E).]

☒    **(BY E-MAIL)**  I caused the documents to be electronically transmitted to the interested parties at their electronic mail addresses as identified on the attached Service List.  [*See*, Ca. Civ. Proc. Code §§ 1013(g) and 1010.6(a), *et seq.*, and Cal. Rules of Ct., rule 2.251, *et seq.*; Fed. R. Civ. P. 5(b)(2)(E).]

DEFENDANT'S NOTICE OF REMOVAL

PARSONS
BEHLE &
LATIMER

☐ **(BY EFSP or CM/ECF SYSTEM)** I electronically filed the aforementioned document(s) with the Court, utilizing an Electronic Filing and Service Provider ("EFSP") or Case Management / Electronic Court Filing System ("CM/ECF System"). The EFSP or CM/ECF System, thereafter electronically notifies all interested parties and case participants of the filing of the document(s) identified above. [*See*, Ca. Civ. Proc. Code § 1010.6, *et seq.*, and Cal. Rules of Ct., rule 2.251, *et seq.*; Fed. R. Civ. P. 5(b)(2)(E).]

## JURISDICTION

☐ (State) I declare under penalty of perjury that the above is true and correct.

☒ (Federal) I declare that I am a member of the bar of this Court.

Executed on April 30, 2026, at Salt Lake City, Utah.

/s/ *Patrick J. Neville*
_____
Patrick J. Neville

DEFENDANT'S NOTICE OF REMOVAL

PARSONS
BEHLE &
LATIMER

**SERVICE LIST**

ALEXANDER E. WOLF (SBN 299775)

*awolf@milberg.com*

**MILBERG, PLLC**

280 South Beverly Drive, PH

Beverly Hills, CA 90212

Tel: (872) 365-7060


Trenton R. Kashima (SBN 291405)

*tkashima@brysonpllc.com*

**BRYSON HARRIS SUCIU & DEMAY PLLC**

19800 MacArthur Blvd., Suite 270

Irvine, CA 92612

Tel: (212) 946-9389

*Attorneys for State Court Plaintiffs*

PARSONS
BEHLE &
LATIMER

10

DEFENDANT'S NOTICE OF REMOVAL

4914-3584-5796.v11